462 So.2d 49 (1984)
Herman JOHNSON, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. AW-172.
District Court of Appeal of Florida, First District.
December 21, 1984.
Rehearing Denied January 14, 1985.
*50 Michael E. Allen, Public Defender, Carl S. McGinnes, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Thomas H. Bateman, III, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant seeks review of a sentence imposed, after a guilty plea, for the offense of robbery with a firearm. Although appellant has raised several issues on appeal, we find the only point of reversible error to be the court's failure to provide a written statement of reasons for departing from the presumptive guideline sentence established pursuant to Fla.R.Crim.P. 3.701. For this limited reason we therefore vacate the sentence imposed.
Appellant pled guilty to a charge of robbery with a firearm for a 1982 offense and expressly elected to be sentenced pursuant to the provisions of Fla.R.Crim.P. 3.701. The application of Rule 3.701 in these circumstances requires only that appellant "affirmatively selects" to be sentenced pursuant to the rule, see § 921.001(4)(a), Florida Statutes, and such affirmative selection does not require any advisement by the court as to parole ineligibility. See Jones v. State, 459 So.2d 1151 (Fla. 1st DCA 1984); Coates v. State, 458 So.2d 1219 (Fla. 1st DCA 1984); Moore v. State, 455 So.2d 535 (Fla. 1st DCA 1984).
In imposing a sentence outside the presumptive guideline range the court noted appellant's "utter disregard for the property rights [and] welfare and safety" of others. The court further explained that:
... [T]his robbery was out of the ordinary in that three people, not including yourself and co-defendants, were placed in extreme danger... . The amount of money that was taken was substantial. .. . [Y]ou not only placed the lives of yourself and your co-defendant in danger but that of innocent parties... .
Such conduct was a sufficient reason for departure from the presumptive guideline sentence, and was properly considered, in accordance with Rule 3.701(b)(3), as "circumstances surrounding the offense." See Smith v. State, 454 So.2d 90 (Fla. 2d DCA 1984); Garcia v. State, 454 So.2d 714 (Fla. 1st DCA 1984); see also Murphy v. State, 459 So.2d 337 (Fla. 5th DCA 1984).
Appellant asserts that the extent of the departure from the presumptive guideline sentence in the present case does not correspond with the severity of the stated reasons for departure. However, the sentence imposed does not exceed the statutory maximum and the court's departure from the presumptive guideline sentence is permissibly predicated upon the circumstances of appellant's offense. No further limitation of the trial court's sentencing discretion is imposed by either statute or rule, and we therefore decline to otherwise review the extent of a permissible departure from the presumptive guideline sentence. Accord, Whitlock v. State, 458 So.2d 888 (Fla. 5th DCA 1984); Hanky v. State, 458 So.2d 1143 (Fla. 5th DCA 1984); cf., Swain v. State, 455 So.2d 533 (Fla. 1st DCA 1984).
Although the court did indicate a permissible basis for departing from the presumptive guideline sentence, such reasons were stated orally and no separate written explanation was provided. A written statement is expressly required by Fla. R.Crim.P. 3.701(d)(11). In Jackson v. *51 State, 454 So.2d 691 (Fla. 1st DCA 1984), at footnote 2 it was indicated that such written statement is essential and an oral pronouncement will not suffice. Accord, Millett v. State, 460 So.2d 489 (Fla. 1st DCA 1984); contra, Webster v. State, 461 So.2d 965 (Fla. 2d DCA 1984); Burke v. State, 456 So.2d 1245 (Fla. 5th DCA 1984); Harvey v. State, 450 So.2d 926 (Fla. 4th DCA 1984). The court's departure from the presumptive guideline sentence thus may not be predicated upon its oral pronouncement; on remand, should the court again depart from the presumptive guideline sentence, it must express the reason for such departure in writing.
Appellant's sentence is hereby vacated and the cause remanded for resentencing.
MILLS and SHIVERS, JJ., concur.