476 So.2d 162 (1985)
James Arthur BRINSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 66624.
Supreme Court of Florida.
August 30, 1985.
James Marion Moorman, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for petitioner.
Jim Smith, Atty. Gen. and Peggy A. Quince, Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
This is a petition to review Brinson v. State, 463 So.2d 564, 564 (Fla. 2d DCA 1985), in which the district court certified the following as a question of great public importance:
When an appellate court finds that a sentencing court relied upon a reason or reasons that are impermissible under Florida Rule of Criminal Procedure 3.701 in making its decision to depart from the sentencing guidelines, should the appellate court examine the other reasons given by the sentencing court to determine if those reasons justify a departure from the guidelines or should the case be remanded for a resentencing?
We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution. We recently answered the identical question in State v. Young, 476 So.2d 161 (Fla. 1985): "When a departure sentence is grounded on both permissible and impermissible reasons, the sentence should be reversed and the case remanded for resentencing unless the state is able to show beyond a reasonable doubt that the absence of the impermissible reason(s) would not have affected the departure sentence." At 161. See also Albritton v. State, 476 So.2d 158 (Fla. 1985).
In the present case the district court affirmed the trial court despite finding two "questionable" reasons for departure among seven. We cannot determine the standard applied and therefore quash the decision and remand to the district court for reconsideration in light of Young.
It is so ordered.
BOYD, C.J., and OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
ADKINS, J., concurs in result only.