DANAHY, Acting Chief Judge.
This case is before us on remand from the Florida Supreme Court which, in Brinson v. State, 476 So.2d 162 (Fla.1985), reversed our decision in Brinson v. State, 463 So.2d 564 (Fla. 2d DCA 1985).
The defendant in this ease was charged by information with nine counts of armed robbery and one count of attempted armed robbery, all occurring within a space of less than one month. He entered pleas of nolo contendere and was adjudicated guilty. A guidelines scoresheet indicated a recommended range of five and one-half to seven years. The trial judge sentenced the defendant to concurrent terms of fifteen years on each count. He gave the following written reasons for departure:
1. The defendant provided the firearm used by his co-defendant.
2. He received an equal share of the proceeds and an unusually large sum of money.
3. He was persistent in his participation reflecting that he is a dangerous criminal.
4. Victims were placed in great fear.
5. The defendant is an alcoholic and drug addict who supplied his habits from the robbery proceeds.
6. The lives of many people were placed in jeopardy.
7. Several victims will undoubtedly have psychological problems arising out of these experiences.
In our prior opinion, we stated that five of the above reasons appeared to us to be valid and proper, and two seemed to us to be questionable. The two questionable reasons were the second and fourth stated by the trial judge. Because there were five valid reasons out of the seven, we affirmed but certified a question reflecting our uncertainty as to the proper disposition on appeal when an appellate court finds that a sentencing court relied upon a reason or reasons that are impermissible and another or others that are permissible. The question certified was the same question that was certified in Young v. State, 455 So.2d 551 (Fla. 1st DCA 1984).
Subsequent to our prior opinion in this case, the supreme court answered the certified question in State v. Young, 476 So.2d 161 (Fla.1985). The rule as stated by the supreme court is that when a departure sentence is grounded on both permissible and impermissible reasons, the sentence should be reversed and the case remanded for resentencing unless the state is able to show beyond a reasonable doubt that the absence of the impermissible reasons would not have affected the departure sentence. The mandate of the supreme court in this case directs us to reconsider in light of the rule expressed in Young.
On remand, we have again examined the record and the briefs submitted in this cause. In our opinion, the state has shown beyond a reasonable doubt that the absence of the second and fourth reasons given by the trial judge would not have affected the departure sentence. Further, *1176 we do not view the extent of the departure sentence to be an abuse of discretion on the part of the trial judge. Albritton v. State, 476 So.2d 158 (Fla.1985).
Accordingly, we affirm the judgments and sentences entered in this case.
FRANK and HALL, JJ., concur.