McDonald, justice.
On appeal from his conviction and sentence for armed robbery of a Winn Dixie store, the district court vacated Johnson’s sentence and remanded for resentencing because the trial court failed to provide written reasons for departing from the recommended sentence. Johnson v. State, 462 So.2d 49 (Fla. 1st DCA 1984).* We recently held that reasons for departure must be in writing, State v. Jackson, 478 So.2d 1054 (Fla.1985), and approve the portion of the district court opinion dealing with this point. The district court also held that a defendant’s affirmative selection to be sentenced under the guidelines does not require advisement as to parole eligibility. Again, the district court’s holding is in accordance with a recent opinion of this Court (Cochran v. State, 476 So.2d 207 (Fla.1985)), and we also approve that portion of Johnson. We disapprove that portion of the district court’s opinion regarding the extent of departure from the presumptive guideline sentence based on our holding in Albritton v. State, 476 So.2d 158 (Fla.1985), that the proper standard of review for the extent of departure is whether a judge abused his judicial discretion.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, EHRLICH and SHAW, JJ., concur.

 We have conflict jurisdiction pursuant to art. V, § 3(b)(3), Fla. Const.