MILLS, Judge.
Brooks appeals from an order departing from the sentencing guidelines. We affirm.
Brooks was convicted of armed robbery and sentenced to 20 years. Upon appeal to this court of his sentence, Brooks’ case was remanded for sentencing on the grounds that he did not affirmatively select guidelines sentencing, a proper scoresheet was not prepared, and the trial court’s reasons for departing from the guidelines were in the form of a preprinted “laundry list” and not related to the points of the case. See, Brooks v. State, 466 So.2d 1182 (Fla. 1st DCA 1985).
On resentencing, Brooks was again sentenced to 20 years. The recommended guidelines sentence was for between three and one-half and four and one-half years. The trial judge set forth the following reason as justification for departure:
(1) The Defendant engaged in criminal conduct in such fashion as to expose many persons to risk of injury or death. The foregoing is not embraced within the sentencing guidelines as a scoring factor for calculation of guideline sentences and the Court considers such conduct to be so egregious as to warrant departure from the guidelines.
As his second reason, the judge gave: “Any other reasons articulated by this Court at the sentencing hearing.” In this regard the court stated:
Secondly, the First District is one of the Districts that if you give more than one reason for departure and they then find one of those reasons is not sufficient, they remand for resentencing anyhow. So in the First District, I don’t think it’s prudent to give but one reason at a time. I have other reasons but at this time I don’t see any reason to go into them because if they find any of those reasons are not sufficient, then it will come back for resentencing. So I will go one reason at a time. That’s simply to avoid the necessity of doing the job over and over again. So I think any judge in the First District is well advised to only give one reason for departure. Once you make up your mind to depart from the sentencing guidelines, you then should arrive, I think, at a sentence you think the offense *1144 calls for and impose it, and that’s what I have done in this case.
Before addressing Brooks’ argument, this court would first like to consider the comment made by Judge Hall. We regard the comment as nothing more than a momentary lapse, or temporary inaccuracy of expression such as will happen on even the most solemn occasions. We do not view the comment as in any way indicating the Judge’s intention to deviate from his characteristically scrupulous adherence to the requirements of the law. Nevertheless, we would add a word of caution. It would be fundamentally unfair for a trial court that has several potential reasons for departing from a recommended sentence to withhold some of those reasons when stating its decision to depart and then utilize one or more of those reasons to depart again, should the case be remanded for resentencing. Depending upon the number of reasons a trial court may have, it could be many years before a defendant would have full and complete appellate review of his sentence. Moreover, it is conceivable that this court, upon a finding that the one stated reason was inadequate, would remand the case for resentencing within the guidelines and thereby deprive the trial court of a further opportunity to set out additional reasons for deviation. For these reasons, we strongly urge the trial courts of this district to state all the reasons upon which a departure is based at the initial sentencing.
Turning to the merits of the case, the trial court properly considered Brooks’ creation of an unreasonable risk to the safety of others as a reason for departing from the guidelines according to Garcia v. State, 454 So.2d 714 (Fla. 1st DCA 1984), and the many cases that have followed it. See, Hannah v. State, 480 So.2d 718 (Fla. 4th DCA 1986). Moreover, in the earlier case of Manning v. State, 452 So.2d 136 (Fla. 1st DCA 1984), it was established that deviation from the guidelines based upon circumstances surrounding an offense is proper. Therefore, we affirm the departure sentence.
AFFIRMED.
SMITH and THOMPSON, JJ., concur.