489 So.2d 25 (1986)
Willie SCURRY, Jr., Petitioner,
v.
STATE of Florida, Respondent.
No. 67589.
Supreme Court of Florida.
June 5, 1986.
*27 Office of the Public Defender, Second Judicial Circuit, and Terry P. Lewis, Sp. Asst. Public Defender, Tallahassee, for petitioner.
Jim Smith, Atty. Gen. and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for respondent.
PER CURIAM.
We have for review Scurry v. State, 472 So.2d 779 (1st DCA 1985), in which the district court certified the following as a question of great public importance:
WHEN AN APPELLATE COURT FINDS THAT A SENTENCING COURT RELIED UPON A REASON OR REASONS THAT ARE IMPERMISSIBLE UNDER FLA.R.CR.P. 3.701 IN MAKING ITS DECISION TO DEPART FROM THE SENTENCING GUIDELINES, SHOULD THE APPELLATE COURT EXAMINE THE OTHER REASONS GIVEN BY THE SENTENCING COURT TO DETERMINE IF THOSE REASONS JUSTIFY DEPARTURE FROM THE GUIDELINES OR SHOULD THE CASE BE REMANDED FOR A RESENTENCING.
Id. at 782. We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution.
The essential facts, as recounted in the district court's opinion, are as follows:
Scurry was charged by indictment with the first degree murder with a firearm of his brother, John Wayne Scurry. Following a jury trial, Scurry was found guilty of the lesser included offense of second degree murder with a firearm. At the sentencing hearing, the trial judge departed from the recommended guidelines sentence of 12-17 years, and sentenced Scurry to 30 years imprisonment. The court's reasons for departure were the following:
1. The offense was carried out with particular cruelty in that the offense was committed in the presence of family members and close friends.
2. The defendant fired the fatal shot from a public street while the victim was in the doorway of his own home evincing a flagrant disregard for the safety of others.
3. The offense was planned by the defendant as evidenced by the fact that after he argued with the victim he walked approximately three tenths of a mile to get his rifle and returned the same distance to the scene and said to an undertaker along the route "wait here I'm gonna bring you one in a few minutes" or words to that effect. The *28 defendant then sat down on a bench across from the victim's home for several minutes before he shot the victim.
4. The offense for which the defendant was sentenced was committed in a calculated manner without pretense of moral or legal justification or provocation.
5. The victim suffered great personal pain and injury as a result of the shooting, dying more than thirty hours after he was initially shot, during which time heroic medical and surgical procedures were performed in an effort to sustain his life.
6. The defendant showed no remorse for having committed the offense for which he was sentenced as evidenced by his courtroom demeanor and non-caring attitude throughout the proceedings.
7. The defendant committed the offense by using a rifle firearm.
8. The defendant, prior to committing the murder had been drinking. The defendant had begun drinking at approximately 8:00 a.m. on the Friday morning of the murder. The defendant has an established pattern of drinking as he did the morning of the murder.
9. The defendant has twice before been given periods of probation after convictions. Apparently the defendant learned nothing from these past periods of probation, in that he has not been able to conform his behavior to societal norms and standards.
10. A lesser sentence is not commensurate with the seriousness of the defendant's crime.
11. The sentence imposed in this case is necessary to deter others. The portion of Monticello in which the victim was killed is an area with small grocery stores that sell alcoholic beverages. Some of the people who hang around this portion of Monticello frequently drink to excess and cause trouble and problems. Frequently firearms and other deadly weapons are involved in the commission of crimes in this area. The crime was committed in front of one of these groceries where the defendant had been drinking prior to his murdering the victim in front of a number of these people.
12. The Parole and Probation Officer who prepared the presentence investigation recommended the defendant be sentenced outside the sentencing guidelines and receive not less than a 25 year commitment to the Department of Corrections.
13. In the court's opinion the evidence as presented could have easily sustained a conviction of murder in the first degree.
Id. at 780-781. The district court affirmed the trial court's sentence, finding only four, six and thirteen invalid, and concluding that the reliance on three impermissible reasons constituted only harmless error.
Petitioner argues that the district court did not go far enough in that none of the reasons the trial court set forth are clear and convincing reasons to depart from the recommended guidelines sentence. We agree. Florida Rule of Criminal Procedure 3.701(d)(11) seeks to discourage unwarranted departures from the sentencing guidelines. Albritton v. State, 476 So.2d 158 (Fla. 1985). Neither reasons prohibited by the guidelines themselves, nor factors already taken into account in calculating the guidelines score, nor an inherent component of the crime in question can ever be used to justify departure from the guidelines. State v. Mischler, 488 So.2d 523 (Fla. 1986). The facts supporting the reasons for departure must be credible and proven beyond a reasonable doubt. The "appellate court's function in a sentencing guidelines case is ... to review the reasons given to support departure and determine whether the trial court abused its discretion in finding those reasons `clear and convincing.'" Id., at 525.
Reason one, even if we were to find it clear and convincing, is not proved. There is insufficient evidence in the record *29 that family members actually witnessed the shooting, although they were nearby.
Reason two, evincing a flagrant disregard for the safety of others, does constitute a clear and convincing reason for departure. However, even if the defendant fired the shot into the victim while he was standing in his doorway, it is not proof beyond a reasonable doubt of a flagrant disregard for the safety of others.
Reason three reflects the trial court's disagreement with the jury's verdict of second-degree murder rather than first, as it goes to premeditation. It is therefore violative of rule 3.701(d)(11)'s proscription against factors relating to the offense for which convictions were not obtained.
Reason five, that the victim lived and suffered for more than thirty hours before dying would imply that a defendant should make sure he does a thorough job and effects death as soon as possible in order to be sentenced within the guidelines. We find no logic here. Moreover, victim injury is a factor already taken into account by the guidelines.
Reason seven, use of a rifle, is likewise not clear and convincing. Any other weapon, including bare hands, could be just as easily listed and justify guidelines departure in all cases of victim injury.
Reason eight, that the defendant had been drinking prior to committing the crime, is especially puzzling. Voluntary intoxication is a defense to the specific intent crime of first-degree murder. Gardner v. State, 480 So.2d 91 (Fla. 1985). It is an abuse of discretion to take what could cause a jury to find a defendant guilty of a lesser offense than that charged and use it to aggravate him.
Reason nine, that the defendant had twice been on probation is a factor already included in reaching the guidelines sentence and is not a proper reason for departure. Albritton.
Reason ten, that a lesser sentence is not commensurate with the seriousness of the crime, flies in the face of the rationale for the guidelines. In effect this reason reflects a trial judge's disagreement with the Sentencing Guidelines Commission and is not a sufficient reason for departure.
Reason eleven, deterrence of others in the particular "portion of Monticello" where the crime occurred is invalid. See Santiago v. State, 478 So.2d 47 (Fla. 1985).
Reason twelve, that the Parole and Probation officer who prepared the PSI recommended sentencing outside the guidelines, is no reason at all. It is to be presumed that if his recommendations were based on specific reasons those reasons were included in the list elsewhere.
All of the trial court's reasons having been found invalid, we quash the decision under review and direct the district court to vacate the sentence and remand to the trial court for resentencing.[*]
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD, EHRLICH, SHAW and BARKETT, JJ., concur.
NOTES
[*] The certified question is inapplicable in this case, but is answered in Albritton.