NESBITT, Judge.
Olive raises three points on appeal of his conviction and sentence for armed robbery. Finding the first two points to be without merit, we affirm the conviction. However, we agree with the final point and reverse and remand for resentencing.
After being convicted by a jury for armed robbery, Olive was sentenced to seventeen years. In departing from the recommended guidelines sentence of seven to nine years, the trial court articulated the following six reasons:
1) The perpetration of the armed robbery created an extreme risk to the victims and witnesses in the case.
2) The commission of the offense created psychological trauma to the witness.
3) The defendant and his companion each carried a firearm indicating that they had the ability to carry out the threats made to the victim.
4) The defendant exhibited disregard for the property rights of the victim by taking approximately $500.00 and a gold chain from him during the course of the armed robbery.
5) The defendant is a nonrehabilitative career criminal.
6) The defendant’s prior criminal record necessitated an enhancement of the presumptive sentence pursuant to the sentencing guidelines, (citations omitted)
Extreme risk to the victim inheres in the nature of an armed robbery and therefore reason one is an invalid basis for departure. Baker v. State, 466 So.2d 1144 (Fla. 3d DCA 1985). Likewise, that the “defendant exhibited disregard for the property rights of the victim by taking approximately $500.00 and a gold chain” is an inherent component of robbery, as is the victim suffering an economic loss. See Hankey v. State, 485 So.2d 827 (Fla.1986). Additionally, the use of a firearm, as indicated in reason three, is an essential element of the crime of armed robbery and is therefore an improper consideration. Campos v. State, 11 F.L.W. 1080 (Fla. 4th DCA May 7, 1986).
Though psychological trauma inflicted upon a victim may be a valid reason to depart, Hankey, 485 So.2d at 138, and the trauma experienced by a witness of a crime upon a family member has been recognized as a valid consideration in sentencing, see Casteel v. State, 481 So.2d 72 (Fla. 1st DCA 1986) (the trauma suffered by the son of a sexual battery victim is a valid reason for departure); Cote v. State, 468 So.2d 1019 (Fla. 4th DCA 1985) (the trauma suffered by the husband of an assault victim is a valid sentencing consideration), we hold that the emotional trauma experienced by a disinterested and unrelated witness is an improper basis for departure.[1] Thus, reason two is invalid.
Reasons five and six rely upon Olive’s prior convictions and previous criminal activity, both of which are invalid grounds for departure because they were already considered in arriving at. a guidelines sentence. Hendrix v. State, 475 So.2d 1218 (Fla.1985).
Since all six reasons for departure are invalid, we reverse Olive’s sentence and remand for resentencing.
Affirmed in part; reversed in part and remanded for resentencing.

. We note that where the state has evidence to support charging the defendant with an independent crime against the witness, it is free to do so.