494 So.2d 503 (1986)
Jerome Roosevelt BALDWIN, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1985.
District Court of Appeal of Florida, Fourth District.
August 13, 1986.
Rehearing, Stay of Mandate and Certification of Question Denied October 8, 1986.
*504 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Noel A. Pelella, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Judge.
The trial judge here departed upwards from the guidelines during a sentencing hearing based upon a third-degree murder conviction because "the defendant committed the offense by using a .38 caliber handgun firearm." He also based the departure on two other reasons discussed hereafter. We reverse and remand for resentencing.
The guidelines have already assigned the number of points to be scored for murder. All murders require the use of a weapon, even if that weapon is but a silk stocking, or even hands, employed for strangulation. We cannot allow the murder weapon, per se, to support aggravation, though the manner in which it is used might do so under certain circumstances. See Scurry v. State, 489 So.2d 25 (Fla. 1986), wherein the use of a rifle was rejected as a reason to depart from the guidelines.
Another reason given for departure was that "the guidelines recommendation of 3-7 years incarceration is insufficient for retribution, deterrence or rehabilitation and for the safety of the public." While we might agree personally with this pronouncement, we must nonetheless reverse. As the Supreme Court recently held, "the fact that [the defendant] `has engaged in a violent pattern of conduct which indicates a serious danger to society' is not a clear and convincing reason for departure under the facts of this case." See Williams v. State, 492 So.2d 1308 (Fla. 1986).
Finally, the trial judge justified departure because "the evidence clearly established that the defendant was dealing in cocaine when he shot and killed the victim." There is nothing in the record to suggest that the defendant's activities as a drug dealer were factored into the scoresheet. Drug dealers are despicable. They tear the precious fabric of our society, bringing chaos to our criminal justice system and often, as in this case, death. Dealing in cocaine, therefore, should be a clear and convincing reason for departure unless the *505 conviction is for that very reason. However, a reading of the current opinions by our Supreme Court on guideline departures leads us to conclude that the trial judge was in error. See State v. Mischler, 488 So.2d 523 (Fla. 1986); Scurry v. State, 489 So.2d 25 (Fla. 1986) and Williams v. State, 492 So.2d 1308 (Fla. 1986).
REVERSED AND REMANDED FOR RESENTENCING.
ANSTEAD and DELL, JJ., concur.