496 So.2d 891 (1986)
Richard James THORNE, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2705.
District Court of Appeal of Florida, Second District.
October 17, 1986.
*892 James Marion Moorman, Public Defender, and D.P. Chanco, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Defendant Richard Thorne appeals his judgment of conviction and his sentences for four counts of armed robbery. He argues the trial judge improperly departed from the recommended guidelines sentence.
The defendant was convicted of four counts of armed robbery. Three of the counts involved the use of a firearm. The recommended guidelines sentence range was five and one-half to seven years' imprisonment. The trial court sentenced the defendant to four consecutive five-year sentences on the four counts with three consecutive three-year minimum mandatory sentences for the three counts involving firearms. The trial judge gave the following written reasons for departure: "(1) minimum mandatory is greater, (2) charges constituted a `crime wave'; his prior record of behavior of this assaultive nature makes him a continuing threat to the public, (3) potential danger to victims; involved use of a dangerous weapon; involved multiple victims."
As to the court's first reason, we observe that the recommended guidelines sentence for the four offenses was less than the three consecutive three-year minimum mandatory sentences imposed for the robberies involving the use of a firearm. Where, as here, the recommended guideline sentence is less than the minimum mandatory sentence, the minimum mandatory sentence takes precedence. Fla.R.Crim.P. 3.701(d)(9); Prentice v. State, 469 So.2d 798 (Fla. 2d DCA 1985). Furthermore, the court's imposition of three consecutive minimum mandatory sentences was consistent with State v. Thomas, 487 So.2d 1043 (Fla. 1986), because each robbery was a separate and distinct offense involving a separate and distinct victim. See also James v. State, 462 So.2d 858 (Fla. 2d DCA 1985).
The court's second reason for departure is invalid because it is based on the defendant's prior record and involves factors already taken into account in calculating the guidelines sentence. Hendrix v. State, 475 So.2d 1218 (Fla. 1985). See also Williams v. State, 492 So.2d 1308 (Fla. 1986); McCray v. State, 488 So.2d 912 (Fla. 2d DCA 1986).
The court's third reason for departure concerning the potential danger to victims, number of victims and use of a dangerous weapon is invalid because it also involves factors already taken into account in calculating the guidelines sentence. The potential danger to victims is inherent in the nature of an armed robbery. Olive v. State, 489 So.2d 893 (Fla. 3d DCA 1986). The number of victims, one in each robbery, and the use of a dangerous weapon are essential elements of an armed robbery. See State v. Mischler, 488 So.2d 523 (Fla. 1986).
Finally, we reject the defendant's contention that the trial court's reasons for departure do not qualify as being written because they were only listed on the guidelines scoresheet. Speights v. State, 495 So.2d 882 (Fla. 2d DCA 1986).
We hold that the court's first reason for departure based on the minimum mandatory sentences for the three counts involving a firearm is actually an alternative sentence under the guidelines. Therefore, the court did not err in imposing the consecutive minimum mandatory sentences. Since the court's remaining reasons for departure are invalid, the court erred in otherwise *893 departing from the presumptive guidelines sentence.
Accordingly, we affirm the defendant's conviction but we vacate his sentences. We remand for the imposition of three consecutive, three-year minimum mandatory sentences for the offenses involving the use of a firearm and the imposition of a sentence within the guidelines on the offense not involving the use of a firearm. The latter sentence must run concurrently with the consecutive, minimum mandatory sentences because the nine-year sentence exceeds the recommended guidelines sentence. The defendant need not be present for resentencing.
GRIMES, A.C.J., and RYDER, J., concur.