500 So.2d 343 (1987)
Jesus MOREIRA, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-2160.
District Court of Appeal of Florida, Third District.
January 6, 1987.
*344 Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Mark J. Berkowitz, for appellee.
Before SCHWARTZ, C.J., and HUBBART and BASKIN, JJ.
PER CURIAM.
The defendant appeals from an order departing upward from the sentencing guidelines for the following reasons:
1. The perpetration of these offenses created an extreme risk to the physical safety of both citizens and law enforcement officers. At least four people who were inside the victim's residence were subjected to having machine guns pointed at them by this defendant and threatened with bodily harm. Furthermore, the defendant threatened to kill everyone in the residence on at least two or three occasions. When the attempt was made to pick up the ransom money, the defendant, who was armed with a submachine gun, fired a substantial number of shots at one of the victims. This shooting took place at an Exxon Gas Station which was open for business and in the public thoroughfares of Dade County. Present, nearby, were other civilian witnesses as well as an FBI Agent assisting in the investigation into this kidnap for ransom. Garcia v. State, 455 454 So.2d 714 (Fla 1st DCA 1984); Johnson v. State, 462 So.2d 49 (Fla. 1st DCA 1984); Scurry v. State, 489 So.2d 25 (Fla. 1986); Davis v. State, 476 So.2d 303 (Fla. 1st DCA 1985); Brinson v. State, [478 So.2d 1174] (Fla. 2 DCA [1985]).
2. The commission of offense created severe psychological trauma to members of the victim's family. The testimony established that the defendant tied up and abducted the victim in the victim's own residence in the presence of the victim's common law wife as well as other family members. Those family members were threatened with bodily harm if they resisted in any fashion. The emotional trauma on the victim's family members, who themselves witnessed the abduction of the victim, at machine gun point from his own residence, and not knowing whether they would ever see him alive again cannot be understated. The Court considers as especially compelling the fact that the victim was abducted from within his own home in the presence of his loved ones. Davis v. State, [489 So.2d 754] (Fla. 1st DCA 1986); Olive v. State, 489 So.2d 893 (Fla. 3d DCA 1986); Scurry v. State, supra.
We conclude that both grounds are supported by the reasons and the authorities cited.
Affirmed.