PER CURIAM.
This is an appeal by the defendant James Clarence McCray from judgments of conviction and sentences for (1) armed burglary of a structure wherein an assault occurred [§ 810.02(2), Fla.Stat. (1985)]; (2) attempted armed robbery [§§ 777.04(1), (4)(b), 812.13(2)(a), Fla.Stat. (1985) ]; and (3) attempted armed sexual battery [§§ 777.-04(1), (4)(b), 794.011(3), Fla.Stat. (1985)], which were entered upon adverse jury verdicts returned below. The defendant McCray raises two points on appeal: (1) the trial court committed reversible error in denying a defense motion for mistrial based on an alleged improper remark of the prosecuting attorney in his final argument to the jury, and (2) the trial court erred in departing from the sentencing guidelines in this case. We affirm the judgments of conviction but reverse the sentences.
*996 First, given the overwhelming evidence of guilt in this case, we conclude that the prosecutor’s remark in closing argument, even if improper, was entirely harmless and did not merit a mistrial. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986); Romero v. State, 435 So.2d 318 (Fla. 4th DCA 1983), pet. for review denied, 447 So.2d 888 (Fla.1984); Lane v. State, 352 So.2d 1237 (Fla. 1st DCA 1977), cert. denied, 362 So.2d 1054 (Fla.1978); Arline v. State, 303 So.2d 37 (Fla. 1st DCA 1974). Second, the reasons given for departing from the sentencing guidelines — which center around the factors of the helplessness and traumatization of the victims — do not constitute a permissible basis for departure since these factors are no different in this case from those normally associated with the types of crimes for which the defendant stands convicted. Vanover v. State, 498 So.2d 899 (Fla.1986); Lerma v. State, 497 So.2d 736 (Fla.1986); Leon v. State, 498 So.2d 680 (Fla. 3d DCA 1986).
The final judgments under review are affirmed; the sentences under review are reversed and the cause is remanded to the trial court with directions to sentence the defendant within the sentencing guidelines.
Affirmed in part; reversed in part and remanded.