503 So.2d 1370 (1987)
Howard HALL, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2099.
District Court of Appeal of Florida, Fourth District.
March 18, 1987.
*1371 Richard L. Jorandby, Public Defender, and Margaret Good, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Amy Diem, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
The defendant was convicted of robbery with a deadly weapon. He held up a bank by threatening a teller with three sticks of dynamite held in one hand, and a lit cigarette lighter, held just inches from the fuse, in the other.
The defendant contends that he may not be convicted of an offense involving a deadly weapon since the explosive device was never recovered. However, the dynamite was vividly and amply described by a witness. The defendant's acts and conduct supported the conclusion that the device was explosive. There is no contradictory evidence and no reason to believe that it was anything other than an explosive device.
The trial court correctly denied both a pretrial sworn motion to dismiss under Florida Rule of Criminal Procedure 3.190(c)(4), and a motion for judgment of acquittal. The fact that a robber disposes of his weapon prior to arrest does not preclude a conclusion beyond a reasonable doubt that a weapon was used to perpetrate the crime. See Mitchell v. State, 493 So.2d 1058 (Fla. 1st DCA 1986); Franklin v. State, 476 So.2d 1346 (Fla. 1st DCA 1985); Fletcher v. State, 472 So.2d 537 (Fla. 5th DCA 1985); T.T. v. State, 459 So.2d 471 (Fla. 1st DCA 1984). We have considered Streetman v. State, 455 So.2d 1080 (Fla. 2d DCA 1980). However, in that case it was actually determined under the evidence that the object used was not capable of detonation.
The defendant also argues that the trial court erred in deviating from the sentencing guidelines. In aggravating defendant's sentence to 20 years in state prison, the trial court departed from the guidelines for these reasons:
(1) During the commission of the crime, the defendant threatened to ignite three sticks of dynamite he carried into the Citizens Federal Bank. The threat was put into action in that the defendant placed a lit cigarette lighter within inches of the fuse attached to the dynamite. Such conduct on the part of the defendant created a great risk of harm to the victim of the crime as well as to the customers and employees present inside the bank when the crime occurred.
(2) During the trial, the defendant admitted that he regularly sold illegal drugs, including cocaine and marijuana.
The defendant does not contend that there were no innocent bystanders whose safety and lives would have been endangered by an explosion. The evidence is undisputed that there were numerous employees and customers in the bank, although the precise number is not in the record.
Generally, factors which make up the components of the crime charged are not, in themselves, grounds to deviate from the guidelines. McGouirk v. State, 493 So.2d 1016 (Fla. 1986); Scurry v. State, 489 So.2d 25 (Fla. 1986); State v. Mischler, 488 So.2d 523 (Fla. 1986). Therefore, the fact that a dangerous weapon was used in the commission of this crime is not a valid ground to aggravate. Baldwin v. State, 494 So.2d 503 (Fla. 4th DCA 1986); Whitfield v. State, 490 So.2d 1358 (Fla. 5th DCA 1986); Bowdoin v. State, 464 So.2d 596 (Fla. 4th DCA 1985).
The nature of the weapon used, or even the fact that it causes injury, is not a *1372 valid reason to deviate from the guidelines, but the flagrant disregard for the safety of others is a clear and convincing basis for doing so. Scurry v. State, 489 So.2d at 25. However, it is necessary that the risk to others be proved beyond a reasonable doubt. Scurry at 29. Compare Webster v. State, 500 So.2d 285 (Fla. 1st DCA 1986) (aggravation of sentence upheld for shooting in the presence of a crowd) with Whitfield v. State (lack of evidence that anyone other than the victim was endangered).
In Mitchell v. State, 493 So.2d at 1058, the defendant was convicted of robbery of a store with a firearm. The court accepted the following ground as a valid reason to deviate: "the crime occurred in a large store with a number of innocent customers where the potential injury to bystanders was great." Id. at 1060.
In Brooks v. State, 487 So.2d 1142 (Fla. 1st DCA), rev. denied, 497 So.2d 1217 (Fla. 1986), in which the defendant was convicted of armed robbery of a grocery store, a co-perpetrator wielded a gun in taking cash from an employee.[1] The only ground enunciated by the trial judge, in imposing the same sentence imposed in this case, was that defendant's conduct exposed many persons to risk of injury or death. 487 So.2d at 1143. The number of persons in the vicinity does not appear in the Brooks opinion.
In Carney v. State, 458 So.2d 13 (Fla. 1st DCA 1984), approved, 476 So.2d 165 (Fla. 1985), the defendant was convicted of armed robbery of a restaurant. One of the grounds used to aggravate defendant's sentence was the finding that he knowingly created a risk of death to many people. The court concluded that this may constitute a clear and convincing ground to deviate if supported by the record. Accord Brinson v. State, 463 So.2d 564 (Fla. 2d DCA) quashed on other grounds, 476 So.2d 162 (Fla. 1985).
In Staten v. State, 500 So.2d 297 (Fla. 2d DCA 1986), the defendant was convicted for a shooting incident to a robbery. The court concluded that although the violence used was not a valid ground to deviate, the trial judge could properly aggravate for the reason that there were several persons in the immediate area whose safety was put at risk.
In Johnson v. State, 462 So.2d 49 (Fla. 1st DCA 1984), approved in part on other grounds, disapproved in part on other grounds, 486 So.2d 536 (Fla. 1986), relied on by the trial judge in this case, the defendant was sentenced for robbery with a firearm. Aggravation of the sentence was upheld due to the defendant's disregard for the welfare and safety of others. Three persons, other than the victim, were placed in extreme danger. Johnson at 50. See also Campbell v. State, 486 So.2d 61 (Fla. 4th DCA 1986); Garcia v. State, 454 So.2d 714 (Fla. 1st DCA 1984).
In Hannah v. State, 480 So.2d 718 (Fla. 4th DCA 1986), where the defendant was convicted of manslaughter with a firearm, this court recognized that the creation of an unreasonable risk to others was a valid basis for departure, even though excessive force in the killing of the victim was invalid under the same facts.
The reason given in support of deviation must be proven beyond a reasonable doubt. Lerma v. State, 497 So.2d 736 (Fla. 1986); State v. Mischler, 488 So.2d at 523. In this case the facts are not in dispute, as the state's evidence is unrebutted and was obviously accepted as proven by the jury and the court.
Therefore, we conclude that there is clear and convincing evidence to support the first reason enunciated by the trial court for deviating from the guidelines, that is, the risk of harm to the customers and other employees.
However, the second articulated reason is not a valid basis for deviation. A departure sentence may not be based on factors relating to prior arrests without conviction. Burke v. State, 483 So.2d 404 (Fla. 1985); Fla.R.Crim.P. 3.701(d)(11). It follows that evidence of a crime for which a person might be arrested, but for which he has not been convicted (unrelated to the *1373 crime for which defendant is being sentenced), is not a valid ground for aggravating. See Trainor v. State, 468 So.2d 484 (Fla. 2d DCA 1985); Banzo v. State, 464 So.2d 620 (Fla. 2d DCA 1985). In any event, it has been determined that this is not a permissible ground for departure. Baldwin v. State, 494 So.2d at 503. But see Thompson v. State, 478 So.2d 462 (Fla. 1st DCA 1985). Further, the proof of the second reason, even though based on defendant's admission, does not meet the standard of State v. Mischler.
Since we cannot conclude that the sentence would not be affected by the impermissible ground, we therefore affirm in part and reverse in part, and remand for resentencing. See Brinson v. State, 476 So.2d 162 (Fla. 1985); Albritton v. State, 476 So.2d 158 (Fla. 1985).
DOWNEY and LETTS, JJ., concur.
NOTES
[1] The facts appear in Brooks v. State, 466 So.2d 1182 (Fla. 1st DCA 1985).