SHARP, Judge,
concurring in result only.
While I agree the “breach of trust” reason for departure is insufficient under current case law to support an aggravated sentence under the guidelines,[1]1 think that the enormity of the losses of several victims is a valid ground.
The trial judge referred to the amount of money actually paid to Walker and stolen from each of the five victims. Each sum was more than $100.00 but less than $20,-000.00, and an inherent component of the offense under sections 812.014 and 812.-012(2)(c). However, the record reveals that the total loss of the five victims was $50,-000.00; money they invested in Walker’s bogus businesses. Further, the victims spent untolled time and energy on Walker’s fruitless enterprise. The quantity of the victims’ injuries, taken together and measured in economic terms, appears to be a valid basis to depart upwards. Seastrand v. State, 474 So.2d 908 (Fla. 5th DCA 1985); Johnson v. State, 462 So.2d 49 (Fla. 1st DCA 1984), approved in part, disapproved in part, 486 So.2d 536 (Fla.1986) (valid departure where multiple victims and large amounts involved); Mitchell v. State, 458 So.2d 10 (Fla. 1st DCA 1984), review denied, 464 So.2d 556 (Fla.1985), disapproved other grounds, State v. Whitfield, 487 So.2d 1045 (Fla.1986); Jean v. State, 455 So.2d 1083 (Fla. 2d DCA 1984).[2]
I would remand for resentencing. Albritton v. State, 476 So.2d 158 (Fla.1985).

. Fla.R.Crim.P. 3.701(d)(11).

. The cases cited by the majority, and other similar cases, which hold that the amount of money stolen, or "economic hardship” is an invalid reason to depart are distinguishable. State v. Mischler, 488 So.2d 523, 526 (Fla.1986) (cannot sentence more harshly for stealing from a poor man than for stealing from a rich one); Hankey v. State, 485 So.2d 827 (Fla.1986) (economic hardship on victim invalid because virtually all theft and burglary victims are subject to economic hardship); Campos v. State, 488 So.2d 677 (Fla. 4th DCA 1986) (relies on Knowlton v. State, 466 So.2d 278 (Fla. 4th DCA), review denied, 476 So.2d 675 (Fla.1985) which holds error to depart on amount taken of a single victim where victim suffered no physical or psychological trauma); Coleman v. State, 483 So.2d 539 (Fla. 2d DCA 1986) (not on point-involved concomitant noncapital offenses and first-degree murder).