510 So.2d 1164 (1987)
Aaron Anthony LUMPKIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-3058.
District Court of Appeal of Florida, Third District.
August 11, 1987.
*1165 Bennett H. Brummer, Public Defender, and Bierman, Sonnett, Shohat & Sale and Ira N. Loewy, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HENDRY and NESBITT, JJ.
PER CURIAM.
Aaron Lumpkin appeals from his convictions and sentence for robbery and burglary. We find no merit in Lumpkin's challenge of his convictions. We, therefore, affirm his convictions and limit our discussion to Lumpkin's appeal of his sentence. We reverse the sentence and remand for re-sentencing.
The recommended sentence under the guidelines was nine to twelve years. The trial court sentenced Lumpkin to seventeen years, citing three reasons for its upward departure: 1) "that the crime, as perpetrated, created extreme risk to the physical safety of [the victims]"; 2) "that the perpetration of the crime reflected a heightened degree of premeditation"; and 3) "that the crime created extreme psychological trauma to the victims and their family." None of these reasons warrant departure.
Extreme risk to the physical safety of the victims of an armed robbery is inherent in the nature of the crime. Thorne v. State, 496 So.2d 891 (Fla. 2d DCA 1986); Olive v. State, 489 So.2d 893 (Fla. 3d DCA 1986). It is therefore already factored into the guidelines and is an invalid reason for departure. Thorne, Olive, see State v. Mischler, 488 So.2d 523 (Fla. 1986); Williams v. State, 492 So.2d 1308 (Fla. 1986); Steiner v. State, 469 So.2d 179 (Fla. 3d DCA), review denied, 479 So.2d 118 (Fla. 1985). Likewise, premeditation is an inherent element of armed robbery and is, therefore, not a clear and convincing reason for upward departure. Campos v. State, 488 So.2d 677 (Fla. 4th DCA 1986); Knowlton v. State, 466 So.2d 278 (Fla. 4th DCA), review denied, 476 So.2d 675 (Fla. 1985); Carney v. State, 458 So.2d 13 (Fla. 1st DCA 1984), aff'd, 476 So.2d 165 (Fla. 1985).
The third reason given for departure, namely, psychological trauma to the victims, is also not a valid reason for departure unless the trauma results from extraordinary circumstances not normally accompanying the crime, State v. Rousseau, 509 So.2d 281, 284 (Fla. 1987); McCray v. State, 503 So.2d 995 (Fla. 3d DCA 1987), or "the victim has a discernible physical manifestation resulting from the psychological trauma." Rousseau, 509 So.2d at 284 (Fla. 1987); see State v. Cote, 487 So.2d 1039 (Fla. 1986); Tompkins v. State, 483 So.2d 115 (Fla. 2d DCA 1986). Cf. Casteel v. State, 498 So.2d 1249 (Fla. 1986) (emotional trauma valid ground for departure where woman sexually assaulted in presence of her child). The record in this case contains no evidence that the psychological trauma experienced by the victims was unusually greater than that normally experienced by the victims of armed robbery, and there was no claim of any resulting physical manifestations. Nor is the alleged psychological trauma experienced by members of the victims' families a valid reason for departure in the instant case.[1] While emotional and psychological trauma to members of a victim's family *1166 who witness the crime may be a valid reason for upward departure in some circumstances, see Moreira v. State, 500 So.2d 343 (Fla. 3d DCA 1987) (psychological trauma to victim's relatives valid reason for upward departure where victim tied up and abducted from his home in the presence of relatives who were also threatened at gunpoint); cf. Casteel, 498 So.2d at 1253 ("[T]he emotional trauma experienced by the victim's son who witnessed the sexual assault on his mother may also serve as a clear and convincing reason for departure"); Olive, 489 So.2d at 894 ("trauma experienced by a witness of a crime upon a family member has been recognized as a valid consideration in sentencing"), the existence of the psychological trauma must be established beyond a reasonable doubt. See Hankey v. State, 485 So.2d 827 (Fla. 1986); Mischler, 488 So.2d at 523; Ortagus v. State, 500 So.2d 1367 (Fla. 1st DCA 1987). Since the record contains no evidence that tends to prove beyond a reasonable doubt that the family members of the victims in the instant case suffered psychological trauma from witnessing the crime, the trial judge erred in departing from the sentencing guidelines recommended sentence on that basis. Cf. Ortagus, 500 So.2d at 1367 (blanket assertion by trial court insufficient to establish beyond a reasonable doubt that family members who witnessed victim's shooting suffered emotional trauma). The unsupported comment made in the presentence investigation by the law enforcement officer that "most of the victims are undergoing psychiatric treatment because of [the robbery]" did not amount to proof beyond a reasonable doubt that the witnesses suffered from psychological trauma as a result of witnessing the crimes.
None of the reasons provided by the trial court warrant departure from the sentencing guidelines. Accordingly, this case is reversed and remanded for resentencing.
NOTES
[1] The state argues that because three members of the victims' families were not robbed but were forced to lie on the floor at gunpoint along with the robbery victims, their emotional trauma was not among the elements of any crime for which Lumpkin was convicted. The state therefore argues that the emotional trauma of the children is a valid reason for departing from the sentencing guidelines. It is improper to depart from sentencing guidelines based upon crimes for which a defendant was not charged or convicted. Thompson v. State, 493 So.2d 71 (Fla. 1st DCA 1986); Fla.R.Crim.P. 3.701(d)(11); cf. Weems v. State, 469 So.2d 128 (Fla. 1985) (prior arrests without convictions are not a valid reason for departing from sentencing guidelines); Sellers v. State, 499 So.2d 43 (Fla. 1st DCA 1986) (same); Harvey v. State, 450 So.2d 926 (Fla. 4th DCA 1984) (same). Since Lumpkin was not charged with robbery against the children, the children must be considered as witnesses rather than victims in determining whether their alleged psychological trauma is a clear and convincing reason for departure.