COWART, Judge.
The defendant was convicted of armed robbery and aggravated assault with a deadly weapon in the hold up of a convenience store. He appeals his departure sentence.
The first ground given for departure, “psychological trauma inflicted,” is not a valid reason in this case because such trauma is inherent in both crimes, and there was no record evidence that the victims suffered from a discernible physical manifestation resulting from the trauma. State v. Rousseau, 509 So.2d 281 (Fla.1987). The second reason, “an utter [or flagrant] disregard for the welfare, safety, and property rights of others,” is also invalid. First, the “welfare, safety, and property rights” of a robbery or aggravated assault victim are always disregarded by the criminal. Second, in this case, it was only the victim of each crime whose safety was endangered. There were no persons involved in either crime other than the defendant and the two victims. Compare Lumpkin v. State, 510 So.2d 1164 (Fla. 3d DCA 1987); Abdullah v. State, 510 So.2d 621 (Fla. 2d DCA 1987) and Thorne v. State, 496 So.2d 891 (Fla. 2d DCA 1986) with Scurry v. State, 489 So.2d 25 (Fla.1986); Ventosa v. State, 510 So.2d 1093 (Fla. 1st DCA 1987); Rey v. State, 509 So.2d 1332 (Fla. 3d DCA 1987); Bulger v. State, 509 So.2d 1269 (Fla. 1st DCA 1987); and Hall v. State, 503 So.2d 1370 (Fla. 4th DCA 1987). Therefore, the defendant’s departure sentence is vacated and the case remanded for imposition of a new sentence within the sentencing guideline recommendations. See Shull v. Dugger, 515 So.2d 748 (Fla.1987).
SENTENCE VACATED; REMANDED.
DAUKSCH and ORFINGER, JJ., concur.