524 So.2d 655 (1988)
Charles Lee ANTHONY, Jr., Petitioner,
v.
STATE of Florida, Respondent.
No. 70864.
Supreme Court of Florida.
May 5, 1988.
*656 Michael E. Allen, Public Defender, and Ann Cocheu and P. Douglas Brinkmeyer, Asst. Public Defenders, Second Judicial Circuit, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and Gregory G. Costas and Helen P. Nelson, Asst. Attys. Gen., Tallahassee, for respondent.
EHRLICH, Justice.
We have for review Anthony v. State, 508 So.2d 452 (Fla. 1st DCA 1987), which directly and expressly conflicts with decisions of this Court. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The petitioner, Anthony, was charged with the second degree felony of shooting into an occupied vehicle in violation of section 790.19, Florida Statutes (1985). After a jury trial, petitioner was convicted as charged. The trial court adjudicated petitioner guilty. The sentencing order states the presumptive range was zero to twelve months and the trial court imposed a sentence of ten years. The trial court's departure was based upon two reasons:
A. The age of the defendant's children in this case is relevant as they may have permanent psychological damage as a result of having their father shoot at them. Children of tender age have an expectation of protection from their father.
B. The danger to other children and adults who might be in the vicinity of the school. Defendant had a total disregard for the possible consequences of his conduct on other people.
A person who has little regard for the lives of the members of his family could be expected to have little regard for the lives of any other citizen.
Within the written statement of the reasons for departure the trial court concluded that "[i]n the event one or more of these reasons of departures [sic] are found to be invalid, the sentence imposed by this Court would have been the same despite the invalid reason(s)."
Petitioner challenged the trial court's departure from the presumptive guidelines sentence arguing that the reasons for departure were not clear and convincing. The First District Court of Appeal found that only one of the two reasons for departure given by the trial court was valid, but *657 did not state which reason was invalid.[1] The district court affirmed the sentence on the basis of Griffis v. State, 497 So.2d 296 (Fla. 1st DCA 1986), stating that "the record establishes beyond a reasonable doubt that the absence of the invalid reason would not have affected the sentence." 508 So.2d at 453. Petitioner now seeks review of the district court's determinations that one of the reasons for departure is valid and that the absence of the invalid reason would not have affected the sentence.
Departures from the sentencing guidelines range should be avoided unless there are clear and convincing reasons to warrant aggravating or mitigating a sentence. Fla.R.Crim.P. 3.701(d)(11). In order for a reason for departure to be clear and convincing, the reason itself must "be of such weight as to produce in the mind of the judge a firm belief or conviction, without hesitancy, that departure is warranted." State v. Mischler, 488 So.2d 523, 525 (Fla. 1986). In addition, the facts supporting the reason must be credible and proven beyond a reasonable doubt. Id.
As this Court recently noted, emotional trauma may be an appropriate reason for departure in some circumstances:
When the victim's trauma results from extraordinary circumstances clearly not inherent in the crime charged or when the victim has a discernible physical manifestation resulting from the trauma, it may constitute a clear and convincing reason for departure. We point out, however, that almost all victims of a crime will feel some type of trauma; this type of trauma which usually and ordinarily results from being a victim of a crime is inherent in the crime and may not be used to justify departure.
State v. Rousseau, 509 So.2d 281, 284 (Fla. 1987). In the present case, there were no extraordinary circumstances clearly not inherent in the crime charged and no evidence of physical manifestations of trauma. The trial judge's statement reveals only speculation concerning future emotional impact upon the children. This reason is accordingly not a clear and convincing reason for departure in the present case. See Davis v. State, 517 So.2d 670 (Fla. 1987).[2]
Evincing a flagrant disregard for the safety of others is also an appropriate reason for departure. Scurry v. State, 489 So.2d 25, 29 (Fla. 1986). We agree with the petitioner, however, that this reason for departure from the recommended guidelines sentence is also not a clear and convincing reason in the present case. The mere fact that petitioner was on a public street when he fired shots into the car is not proof beyond a reasonable doubt of a flagrant disregard for the safety of others. See id.
Even if we had approved the district court decision that one of the reasons for departure was valid, it would still be necessary to remand for resentencing. We recently quashed the decision of the district court in Griffis, relied upon by the district court below. In doing so, we reiterated the principle of Albritton v. State, 476 So.2d 158 (Fla. 1985), that
where the appellate court finds some reasons for departure to be invalid, it must reverse unless the state can show beyond a reasonable doubt that the sentence would have been the same without the invalid reasons. We cannot in good conscience say that such a standard can be met through the anticipatory language of the trial judge rather than the reweighing of only the appropriate departure factors.
Griffis v. State, 509 So.2d 1104, 1105 (Fla. 1987) (emphasis in original). A statement by the trial court that it would depart for any of the reasons given, standing alone, is not enough to satisfy that burden. Id.[3]
*658 The state argues that the trial court's statement does not stand alone, but must be viewed in conjunction with the trial judge's comments that the conduct of the defendant was "the act of a depraved, vicious and savage human being. To sentence this defendant to not more than twelve (12) months in the Duval County Jail would be an unacceptable and inappropriate disposition in this case." We disagree. As this Court stated in Scurry, a statement "that a lesser sentence is not commensurate with the seriousness of the crime, flies in the face of the rationale for the guidelines. In effect this reason reflects a trial judge's disagreement with the Sentencing Guidelines Commission and is not a sufficient reason for departure." 489 So.2d at 29. See also Williams v. State, 492 So.2d 1308 (Fla. 1986). The comments in the present case reveal nothing more than the trial court's perception that the recommended sentence under the guidelines is not commensurate with the seriousness of the crime. Compare Williams v. State, 504 So.2d 392 (Fla. 1987) (trial court's statement was not mere expression of general disagreement with recommended guidelines sentence; rather, trial court was expressing conclusion that based upon the reasons given in this case departure was justified).
Accordingly, we quash the decision of the district court below. Because neither reason relied upon for departure is clear and convincing, we direct that the case be remanded to the trial court for resentencing within the recommended guidelines range.
It is so ordered.
McDONALD, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] It would be very helpful to this Court and to counsel for the parties to know which of the reasons for departure are found to be invalid by the court below.
[2] The fact that children have an expectation of protection from their father is also not a valid reason for departure in the present case. See, e.g., Hall v. State, 517 So.2d 692 (Fla. 1988).
[3] As in Griffis, we do not decide the effect of section 921.001(5), Florida Statutes, as amended in 1987, upon cases involving crimes committed subsequent to July 1, 1987. 509 So.2d at 1105, n. *.