537 So.2d 672 (1989)
Michael Ray BULGER, Appellant,
v.
STATE of Florida, Appellee.
No. 88-706.
District Court of Appeal of Florida, First District.
January 18, 1989.
Rehearing Denied February 22, 1989.
Michael E. Allen, Public Defender and Maria Ines Suber, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Helen P. Nelson, Asst. Atty. Gen., Tallahassee, for appellee.
BARFIELD, Judge.
Michael Ray Bulger appeals from a second amended judgment and sentence in which the trial court, upon remand from Bulger's first appeal, imposed the original departure sentence based upon the one valid reason upheld by this court. We hold that the trial court abused its discretion and reverse and remand for resentencing within the recommended guidelines range.
Bulger plead nolo contendere to second degree murder and shooting into an occupied vehicle. In the early morning hours, Bulger and a co-defendant were involved in a physical altercation with the victim and the bouncer of the Green Frog nightclub in front of the club which was located on Okaloosa Island in the Ft. Walton Beach area. Bulger and the co-defendant left the club and later returned to the area of the Green Frog with a twelve-gauge shotgun, driving in the co-defendant's truck with Bulger as the passenger. The bouncer saw them drive past the club and he and the victim began to follow them in the bouncer's jeep. The co-defendant made a u-turn on Highway 98 and drove back towards the nightclub. The bouncer continued to follow and as he tried to pass the truck in the right lane of the four lane highway, Bulger fired a shotgun blast through the left rear side window of the jeep, striking the victim in the head and injuring the bouncer. The bouncer drove to a hospital where the victim eventually died.
Bulger was convicted of second degree murder and shooting into an occupied vehicle, and the trial court departed from the recommended guidelines range of 12-17 years by sentencing Bulger to life imprisonment for the murder and 15 years for shooting into an occupied vehicle, stating as reasons that: (1) Bulger's conduct posed an extreme risk to the physical safety of other citizens; and, (2) he returned to the area of the confrontation with a weapon. On appeal, this court invalidated the second reason but found the first reason valid and supported by the record, and remanded for resentencing, pursuant to Albritton v. State, 476 So.2d 158 (Fla. 1985). Bulger v. State, 509 So.2d 1269 (Fla. 1st DCA 1987).
Upon remand and without conducting a hearing, the trial court entered an amended judgment and sentence, imposing the original *673 sentence. Bulger filed a motion to vacate and set aside the sentence and/or a motion to correct an illegal sentence, asserting as grounds for the motion that the trial court failed to return him from prison for resentencing and failed to conduct an evidentiary hearing in accordance with Albritton. Bulger also asserted in his motion that this court, in finding the one reason for departure to be valid and supported by the record, apparently relied upon the state's brief in which the state erroneously led this court to believe that the roadside was replete with bars and other establishments. Bulger was prepared to present evidence to support a contention that the shooting occurred on a deserted stretch of highway.
At the hearing for resentencing Bulger offered into evidence the affidavit of Investigator James Graham, who essentially stated that the closest establishment from the location of the shooting was approximately one mile. Bulger argued that the state did not meet the clear and convincing standard for a departure based upon unnecessary risk of harm. The state argued that the area in which the shooting occurred was a four lane, heavily travelled highway between Destin and Fort Walton Beach and sixty seconds from the nearest public lodging establishment, and that the driver of the vehicle was injured yet continued to drive to a hospital, therefore, a great risk of harm to others still existed. The trial court entered a second amended judgment imposing the original sentence and reasoning that: "The Defendant's crime posed an extreme risk to the physical safety of other citizens. The Defendant fired the shotgun on a public highway, raising the prospect of innocent bystanders being wounded or causing a traffic accident which might have involved innocent third parties."
We hold that the trial court abused its discretion in finding this reason for departure clear and convincing. Fla.R.Crim.P. 3.701(b)(6) (1988); See generally, State v. Mischler, 488 So.2d 523 (Fla. 1986). Flagrant disregard for the safety of others is a valid reason for departure, if the risk to others is proven beyond a reasonable doubt. Anthony v. State, 524 So.2d 655 (Fla. 1988); Scurry v. State, 489 So.2d 25 (Fla. 1986).
In Anthony, the defendant shot at a car occupied by his children and the trial court departed reasoning that the defendant's actions exhibited a total disregard for the safety of other people who might be in the vicinity. The Florida Supreme Court reversed and held that "the mere fact that petitioner was on a public street when he fired shots into the car is not proof beyond reasonable doubt of a flagrant disregard for the safety of others," 524 So.2d at 657. In Scurry, the defendant fired a shot from a public street into the victim while the victim was standing in his doorway and the Court held that it was not proof beyond a reasonable doubt of a flagrant disregard for the safety of others. 489 So.2d at 29.
Likewise, the mere fact that Bulger fired a shotgun on an open public highway does not prove beyond a reasonable doubt that he exhibited a flagrant disregard for the safety of others. There is a complete absence of any evidence in the record showing that bystanders or other vehicles were on the road and were endangered by Bulger's conduct. In fact, Bulger presented evidence at the resentencing hearing demonstrating that the closest establishment was over a mile away and the state did not refute this evidence and even agreed that the nearest public lodging establishment was 60 seconds away. In short, the state failed to prove, beyond a reasonable doubt, its assertion that Highway 98 was a "heavily travelled highway" at the time of the shooting.
Accordingly, we reverse and direct the trial court to impose the guidelines sentence.
ZEHMER, J., concurs.
SMITH, C.J., dissents with opinion.
SMITH, Chief Judge, dissents with opinion.
I would hold the reason for departure valid. In neither Anthony v. State, nor Scurry v. State, supra, so far as the opinions *674 disclose, did the defendant fire into a vehicle being driven down the highway. That there was here no proof of other traffic, or buildings, in the immediate vicinity is immaterial, since injury to the driver of a moving vehicle creates a substantial likelihood of an accident involving others, not just at the place of the shooting, but wherever the car may be driven before the driver either makes his escape from the scene and voluntarily stops, or becomes disabled. Here, the driver was injured and did, as one would expect, continue driving the vehicle to the hospital to receive aid presumably for himself and the more seriously injured passenger. I would agree with the trial judge that this created an extreme risk to the physical safety of other citizens.