ZEHMER, Judge.
Upon review of our prior decisions in this case,[1] the supreme court approved in part and quashed in part our decision regarding the validity of reasons for departure from the sentencing guidelines. State v. Simpson, 554 So.2d 506 (Fla.1989). The court disapproved one of the two remaining reasons for departure held valid by this court and expressly stated that it did not reach the validity of the following sole surviving reason:
During the two robberies the defendant fired his pistol six times — two of which shots were to intimidate and hasten the victims into compliance. Those wildly fired shots placed persons nearby at great risk. The other four shots were fired at unarmed victims (at one with a premeditated intent to murder) and at the other with the intent to kill or maim.
(R. 72).
On remand, defendant Simpson contends that since this court’s original decision affirming the validity of this reason, court decisions interpreting the sentencing guideline rule have changed the law and made this reason invalid also. Specifically, defendant argues that Anthony v. State, 524 So.2d 655 (Fla.1988), and Bulger v. State, 537 So.2d 672 (Fla. 1st DCA 1989), make it clear that shooting at someone in an area where others may be endangered is not a valid reason for departure, and under these decisions the above-stated reason can no longer be valid. Upon further review we conclude that neither of these decisions requires us to change our previous decision and now to hold that the quoted reason is invalid. Although we are somewhat uncertain in our understanding of the rationale for the Anthony decision, if we are incorrect in holding that the above reason remains valid under Anthony, we are confident that the supreme court will again review this case based on conflict jurisdiction and correct our misunderstanding.
Pursuant to the mandate of the Florida Supreme Court, we hereby adopt that court’s opinion as the opinion of this court and reaffirm the validity of the quoted reason for departure. In accordance with our original decision reported at 502 So.2d 61, this cause is remanded for resentencing *831 pursuant to Albritton v. State, 476 So.2d 158 (Fla.1985).
SHIVERS, C.J., and ERVIN, J., concur.

. Simpson v. State, 505 So.2d 1378 (Fla. 1st DCA 1987); Simpson v. State, 502 So.2d 61 (Fla. 1st DCA 1987).