520 So.2d 568 (1988)
Donald KRITZMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 69058.
Supreme Court of Florida.
February 25, 1988.
*569 Michael E. Allen, Public Defender and W.C. McLain, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and John M. Koenig, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
We have for appeal the conviction for first degree murder, and the sentence of death imposed upon Donald Kritzman. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. For the reasons which follow, we reverse the conviction and vacate the sentence of death.
Testimony at trial showed that on September 7, 1985, Kritzman, along with Kent Mailhes and Johnny Davis, escaped from Washington Correctional Institution in Louisiana. The trio robbed an elderly man in Louisiana, taking a .22 caliber pistol, a car, and some cash. They then drove to Pensacola Beach, Florida where they planned to rob a laundromat and a motel. While driving around Pensacola Beach, they picked up a hitchhiker, Mark McKeen. A short time later, the car was stopped, and Kritzman, Davis, and McKeen got out. Kritzman told McKeen to get down on the ground and Davis pushed him down. While it is unclear who fired the fatal shots, McKeen's body was found with four bullet wounds in the head.
Before trial, Mailhes pled guilty to first degree murder. In return for the plea and testimony against the remaining defendants, the state agreed to recommend a life sentence for him. Despite pleading guilty to the charge, Mailhes was permitted to participate in the jury selection, for purposes of the sentencing phase of his trial. Throughout this portion of the proceedings, as well as throughout the trial Kritzman objected and moved to sever his trial from the trials of both Mailhes and Davis.
Kritzman alleges that the failure to grant the motions for severance deprived *570 him of his due process rights, and his fundamental right to a fair trial. We agree. Kritzman's trial was tainted from the very beginning. Allowing the state's star witness to participate in picking the jury that would eventually determine Kritzman's guilt and punishment amounts to a breakdown in the adversarial process. It is difficult enough for a jury to sift through the complicated issues surrounding a murder case; it is nearly impossible to do so when the lines between who is on trial and who is not are unclear.
The state concedes that this is the first time, to its knowledge, that an appellate court in Florida or anywhere has encountered this problem. Their main contention here is that even if it was error not to sever the cases, Kritzman was in no way prejudiced by such error. We cannot agree. Kritzman was affirmatively prejudiced in several different respects. Aside from the confusion that necessarily fell upon the jury, they were conditioned by Mailhes' attorney's questions during voir dire to believe his client's story implicating the codefendants and exonerating himself. Essentially, the jury conditioning was a successful attempt to boost Mailhes' credibility at the expense of a "codefendant", Kritzman. This conditioning has a tendency to cause the jury to think in terms of penalty, as if Kritzman's guilt was a foregone conclusion.
Allowing Mailhes to participate in jury selection prejudiced Kritzman in yet another way. It permitted the state's chief witness to excuse jurors who would be prone to disbelieving his story, which implicates Kritzman. This deprived Kritzman of the ability to fairly choose jurors, free of this type of interference from Mailhes. Kritzman was forced to defend himself against the codefendant, as well as the state.
Due process consists of more than the procedural rules we use to safeguard a fair trial. While there may not be a rule of criminal procedure which covers this exact situation (probably because this exact situation has never arisen before), due process requires that a defendant be given a fair trial in the substantive sense. We believe that the failure to sever Kritzman's trial from that of Mailhes violates that principle. Moreover, while Kritzman has shown that he was actually prejudiced by the error below, we do not hold at this point that prejudice need be shown. Where substantive due process has been violated to this degree, we will presume prejudice.
Accordingly, we hold that the trial court erred in denying Kritzman's motions to sever his trial from that of Mailhes. The fundamental right to a fair trial can never be overridden by the convenience and expediency that a joint trial may produce. In this case, severance would have been the only remedy to insure that due process is complied with and that Kritzman would receive a fair trial. Therefore, we vacate the sentence of death and reverse the conviction, remanding this case for a new trial, consistent with this opinion.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.