530 So.2d 983 (1988)
Randale Lavaughn COLE, Appellant,
v.
STATE of Florida, Appellee.
No. 87-2088.
District Court of Appeal of Florida, Fifth District.
August 18, 1988.
Rehearing Denied September 15, 1988.
*984 James B. Gibson, Public Defender and James R. Wulchak, Chief, Appellate Division, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Cole appeals his convictions and sentences for the crimes of attempted second degree murder, armed robbery, petit theft and kidnapping. Although he raises several issues, all of which we have considered, only two merit discussion.
Jury trial was commenced for Cole and his codefendant, Philip Savino. Prior to jury selection, Savino moved in limine to prevent the State from introducing certain statements made by Cole to the police, which Savino felt would incriminate him, and also moved to sever the trial. Both motions were denied.
After the jury was sworn and had been given its preliminary instructions, Cole's counsel stated that his client had informed him that morning that Cole would testify about the facts which he had related to the police in his statement so as to "put the blame singularly on Mr. Savino." Asserting no prior knowledge of Cole's intent, and because of the now obvious conflict with his client, Savino's counsel again moved for a severance. This time, the trial court granted Savino's motion. At this point, Cole moved for a mistrial and to empanel a new jury on the basis that there were several jurors that he would have accepted, but for the fact that they had been stricken by Savino. The motion was denied.
Cole argues that the trial court's failure to declare a mistrial in order to have a new jury empaneled deprived him of Federal and Florida Constitutional due process rights and his fundamental right to a fair trial, relying on the recent Florida Supreme Court decision of Kritzman v. State, 520 So.2d 568 (Fla. 1988). In Kritzman, the trial court denied Kritzman's motion to sever and over Kritzman's objections, permitted a codefendant (Mailhes) to participate in jury selection, for purposes of the sentencing phase of his trial, although it was known that prior to trial, Mailhes had negotiated a plea of guilty and a recommended life sentence in return for his testimony against Kritzman and another defendant. The Florida Supreme Court, acknowledging this was a case of first impression, held that: "Allowing the state's star witness to participate in picking the jury that would eventually determine Kritzman's guilt and *985 punishment amounts to a breakdown in the adversarial process."
The circumstances here are not at all as they were in Kritzman. Here, it was Cole who intended to testify against his codefendant, and it was not Cole who requested the severance.[1] Additionally, when announcing to the court after the jury had been selected and sworn that Cole was going to testify against Savino, Cole's counsel advised the court that he had learned of Cole's intention earlier that morning, obviously before jury selection had begun. Prior to this announcement, and unlike Kritzman, there was no apparent conflict between the codefendants during jury selection and Cole made no objection to Savino's participation. Had Cole announced his intentions prior to jury selection, the severance would have been granted then and Savino would not have participated in selecting the jury. Again, unlike Kritzman, there was no breakdown in the adversarial process here, and no violation of Cole's due process rights. Whatever complaint Cole has about Savino's participation in jury selection is of Cole's own making. Cole's motion for mistrial was properly denied.
Cole correctly asserts that based on Carawan v. State, 515 So.2d 161 (Fla. 1987) he could not be convicted of both armed robbery and petit theft based on the single act of taking the victim's purse, so the conviction for petit theft must be set aside.
Except for vacating the conviction and sentence for petit theft, the convictions and sentences thereon are affirmed.
AFFIRMED. Conviction and sentences for petit theft SET ASIDE.
DAUKSCH and DANIEL, JJ., concur.
NOTES
[1] Here, Savino was in Kritzman's position, and Savino was severed from the trial.