ON MOTION FOR REHEARING
PER CURIAM.
The State has filed a motion for rehearing and/or clarification of the opinion filed previously in this case. We grant the motion and set aside our earlier opinion and substitute the following in its place.
R.L. Williams appeals from his convictions and sentences for armed robbery and first-degree murder. Because we find no merit in Williams’s challenge of his convictions, our discussion will be limited to Williams’s appeal of the sentences for his February 1986 offenses. We affirm the trial court’s sentence of life imprisonment with a minimum mandatory twenty-five year term on the count for first-degree murder but reverse the sentence for armed robbery and remand for resentencing.
Although his scoresheet for armed robbery suggested three and one-half to four and one-half years imprisonment, the trial court sentenced the appellant to a life term consecutive to the term for murder. Of the court’s written reasons given for departure, not all were valid nor were they all supported by the record. When a trial court offers both valid and invalid reasons for a departure from guideline sentencing, the case should be remanded for resentenc-ing unless the State has shown beyond a reasonable doubt that an absence of the invalid reasons would not have affected the departure sentence. See State v. McGriff, 537 So.2d 107 (Fla.1989); Tillman v. State, 525 So.2d 862 (Fla.1988).
The trial court gave the following reasons for imposing a departure sentence on Williams: (1) The victim had been injured during the course of the robbery; (2) the offense had been committed in a calculated, premeditated manner, without any justification, (3) a capital offense, first-degree murder, had been committed in addition to the crime of armed robbery; and (4) the defendant maliciously, wantonly, and cruelly beat the victim, whom defendant knew to be particularly vulnerable due to excessive drinking. Departure from a recommended guidelines sentence may not be justified by reasons prohibited by the guidelines themselves, Santiago v. State, 478 So.2d 47 (Fla.1985), nor by factors already taken into account in calculating guidelines scores, Hendrix v. State, 475 So.2d 1218 (Fla.1985), nor by an inherent component of the crime in question. State v. Mischler, 488 So.2d 523 (Fla.1986); Fla. R.Crim.P. 3.701.
While attempting to rob Juan Rodriguez, Williams struck the victim once on the head with a tire jack as Rodriguez reached toward the cab of his pickup truck which Williams knew contained a machete knife. Because this single death blow resulted in Williams’s conviction and life sentence for first-degree murder, it would be duplicative to use that same injury to depart from the suggested guidelines for armed robbery, where the capital offense was also listed, properly, as a reason for departure. Casteel v. State, 498 So.2d 1249 (Fla.1986); Hendrix, 475 So.2d at 1220; Santana v. State, 507 So.2d 680 (Fla. 2d DCA 1987); Hall v. State, 503 So.2d 1370 (Fla. 4th DCA 1987). Further, because premeditation and the lack of legal justification are inherent elements of armed robbery they, too, are invalid reasons for departure. Hansbrough v. State, 509 So.2d 1081 (Fla.1987); Hamm v. State, 521 So.2d 354 (Fla. 2d DCA 1988); Lumpkin v. State, 510 So.2d 1164 (Fla. 3d DCA 1987).
The fourth reason given for departure, the victim’s known vulnerability due to excessive drinking, is also invalid. The record shows that Williams, as well as Rodriguez, had been drinking throughout the day of the incident. Rodriguez had kicked *1127 Williams’s nephew, threatened to harm family members with his knife, and flashed a fist full of money while making derogatory remarks to the defendant. Williams decided to rob Rodriguez. Although relied upon by the State, Moore v. State, 468 So.2d 1081 (Fla. 3d DCA 1985), is easily distinguished from the present circumstances. The only record indication of any extraordinary vulnerability on the part of Rodriguez, the victim, was the fact that he had been drinking. In contrast, Moore’s victim was an eighty-year-old woman living alone and known to be particularly vulnerable, who was maliciously, wantonly, and cruelly beaten for her social security check.
The trial court stated that it would have departed for any or all of the listed reasons, yet only one provides clear and convincing grounds for departure, the concurrent capital offense. That one reason, standing alone, fails to establish beyond a reasonable doubt that the departure sentence would have been the same had it been imposed in the absence of the invalid reasons. Davis v. State, 517 So.2d 670 (Fla.1987); see Griffis v. State, 509 So.2d 1104 (Fla.1987); Ruiz v. State, 516 So.2d 1057 (Fla. 3d DCA 1987), rev. denied, 525 So.2d 880 (Fla.1988). Thus, because three of the four reasons given are either invalid or unsupported by the record, the departure sentence for armed robbery must be reversed and remanded for resentencing.
We affirm the convictions and the sentence for first-degree murder, but reverse and remand for resentencing the conviction for armed robbery.
Affirmed in part, reversed in part and remanded.