LEVY, Judge.
In consolidated appeals, defendant below challenges judgments of conviction and sentences for robbery and theft following a jury trial, the revocation of his community control, and an upward departure from the sentencing guidelines. The State concedes that it was error to convict and sentence the defendant in connection with the theft charge, as well as the invalidity of two of the reasons given by the trial court for the upward departure.
In April, 1987, appellant was charged with dealing in stolen property. He pled nolo contendere. Adjudication of guilt was withheld, and he was placed on community control for two years (Case No 1). In August, 1987, appellant was charged with robbery and grand theft arising from a separate incident (Case No 2) in which he grabbed an elderly woman’s purse and cane from the passenger seat of a car as the woman was entering, knocking the woman’s glasses off in the process, but otherwise not injuring her.
Thereafter, an affidavit of violation of community control was filed in Case No. 1, charging both appellant’s commission of the offenses involved in Case No. 2 and certain technical violations of appellant’s community control. Appellant was ultimately convicted as charged in Case No. 2. At a post-trial hearing, the court dismissed all allegations of technical violations of community control, but found that the commission of the robbery and the theft did constitute a violation of appellant’s community control, and, accordingly, adjudicated him guilty of these crimes, revoked his community control, and adjudicated him guilty of the original offense of dealing in stolen property. A single scoresheet was prepared for both cases. The court upwardly departed from the sentencing guidelines in a written order, listing as its reasons: 1) that the robbery and theft offenses were committed on June 4, 1987, while appellant was on community control for the May 20, 1987 stolen property offense, 2) that appellant’s victim suffered psychological damage beyond that normally associated with the offense, 3) that appellant had been thrice convicted and adjudicated of robbery as a juvenile, and 4) that appellant had failed to respond to past rehabilitation efforts. This appeal follows.
We find sufficient record evidence to support the jury’s finding of guilt and the conviction for the new substantive offense of robbery, McCloud v. State, 335 So.2d 257 (Fla.1976); see Santiago v. State, 497 So.2d 975 (Fla. 4th DCA 1986), and, accordingly, affirm the revocation of appellant’s community control based upon the conviction. Lambert v. State, 545 So.2d 838 (Fla.1989).
The State has acknowledged the trial court’s error in entering judgments of conviction and sentences for both robbery and theft based upon the single act of taking the victim’s purse, See Carawan v. State, 515 So.2d 161 (Fla.1987); Kelly v. State, 546 So.2d 441 (Fla. 2d DCA 1989); Etlinger v. State, 538 So.2d 1354 (Fla. 2d DCA 1989); Cole v. State, 530 So.2d 983 (Fla. 5th DCA), rev. denied, 539 So.2d 475 (Fla.1988), and we therefore vacate appellant’s conviction and sentence for theft.
The State also has conceded the invalidity of two of the four reasons listed in ,the departure order, to wit: the age of and psychological damage to the victim, and appellant’s prior juvenile record. We find the two remaining reasons to be valid departure reasons which are supported by sufficient record evidence. However, because the underlying criminal offense occurred prior to July 1, 1987, we look, not to Section 921.001(5), Florida Statutes (1987), but rather, to Albritton v. State, 476 So.2d 158 (Fla.1985) for the standard which we must apply when reviewing a departure order containing both proper and improper *1147 reasons. State v. McGriff, 537 So.2d 107 (Fla.1989); Rodriguez v. State, 547 So.2d 708 (Fla. 2d DCA 1989). Under Albritton, the ease must be remanded for resentencing unless the record demonstrates, beyond a reasonable doubt, that the absence of the invalid reason would not have affected the sentence. Williams v. State, 544 So.2d 1125 (Fla. 3d DCA 1989). Inasmuch as the record before us contains no such showing, we remand for resentencing. We find no merit in appellant’s remaining contentions, and therefore affirm the trial court in all other respects.
Affirmed in part, reversed in part, and remanded.