DIAMANTIS, Judge.
Steve Hodgkins appeals his conviction and sentence for sale of cocaine. We affirm.
Appellant and Trisha Lynn Hamilton were charged with the sale of cocaine and possession of drug paraphernalia.[1] Both appellant and Hamilton had been negotiating plea agreements with the state; however, when the trial began, neither appellant nor Hamilton had reached any agreement with the state. Appellant, Hamilton and the state participated in jury selection.
*1344 After the jury was selected, Hamilton and the state negotiated a plea agreement whereby she agreed to enter a plea of no contest to sale of cocaine. Appellant thereafter moved for a mistrial and to have a new jury empaneled. The trial court denied appellant’s motion for a mistrial, but instructed the state not to call Hamilton as a witness. The state also agreed to appellant’s request not to mention or offer into evidence any statements made by Hamilton.
Appellant contends that the trial court erred in denying his motion for mistrial because Hamilton’s questioning during voir dire conditioned the jury against him and because Hamilton exercised challenges to jurors who had been accepted by appellant. Appellant argues that Kritzman v. State, 520 So.2d 568 (Fla.1988) governs the instant case. We disagree.
In Kritzman, three defendants were charged with first degree murder. One of the defendants, Mailhes, decided to plead guilty and, in exchange for his plea and agreement to testify against the two remaining defendants, the state agreed to recommend a life sentence for him. Despite pleading to the charge, Mailhes was permitted to participate in the jury selection for purposes of the sentencing phase of the trial. Throughout the trial, Kritz-man objected and moved to sever his case from the trial of Mailhes and the third codefendant. The trial court denied the motions.
On review, the Supreme Court concluded that under these facts the trial court denied Kritzman a fair trial when it denied his motion to sever. The court concluded that allowing Mailhes, the state’s star witness, to participate in the selection of the jury that would eventually determine Kritz-man’s guilt and punishment, amounted to a breakdown in the adversarial process.. Additionally, aside from the confusion that necessarily fell upon the jury, they were conditioned by the questions of Mailhes’s attorney during voir dire to believe his client’s story implicating the codefendants and exonerating himself. Further, allowing Mailhes to participate in jury selection prejudiced Kritzman in that it permitted the state’s chief witness to excuse jurors who would be prone to disbelieving his story which implicated Kritzman. The Court held that, although Kritzman showed actual prejudice, “[wjhere substantive due process has been violated to this degree, we will presume prejudice.” Kritzman, 520 So.2d at 570.
In contrast, here the trial court prohibited the state from calling Hamilton as a witness,[2] and the state neither used nor mentioned any statements that Hamilton may have made. Additionally, Hamilton’s counsel, in examining the jurors, did not expressly or impliedly make any statements which could be interpreted as an attempt to condition the jury that Hamilton was implicating appellant or exonerating herself at appellant’s expense. Rather, in arguing his motion for mistrial, appellant’s attorney stated “that Trisha Hamilton would make a wonderful fall person.” Hamilton’s plea resulted in her withdrawal from the trial proceedings and appellant was free to make Hamilton the “fall person” without any interference from her counsel. Because of these facts, appellant’s counsel had an empty chair.
We also reject appellant’s argument that he was prejudiced because Hamilton struck a particular juror that appellant desired on the jury. Appellant does not claim that the jury, as selected, was either biased or prejudiced against him or that he did not receive a fair trial. Appellant’s counsel, in arguing the motion for mistrial, only expressed a desire to have one particular juror whom Hamilton’s counsel struck. However, neither at trial nor on appeal does appellant articulate any reason indicating either why he preferred this juror or that appellant was somehow prejudiced by not having this particular juror serve. Further, appellant does not claim that the state and Hamilton had agreed that she *1345 remain in the case to use any of her challenges to aid the state, thereby indirectly increasing its peremptory challenges to the jurors.
Regarding the alleged sentencing error, appellant maintains that the trial court erred in sentencing him without a guidelines scoresheet. We have been furnished with a guidelines scoresheet which reflects appellant was properly sentenced.
The conviction and sentence are AFFIRMED.
DAUKSCH and PETERSON, JJ„ concur.

. The trial court directed a judgment of acquittal on the possession of drug paraphernalia offense.

. Compare Allen v. State, 566 So.2d 892 (Fla. 4th DCA 1990), where the court held that the defendant was denied a fair trial because he was tried before a jury partially chosen by a former code-fendant testifying for the state.