EMAS, J.
Richard Anthony Walker has filed an original petition with this Court, entitled:
*373 Petition to Revisit, Reconsider and Correct a Tragic Miscarriage of Justice; With a Non-Negotiable Agreement Between the Parties By Voluntary Understanding and Intentions With Supporting Affidavit of Truth Under Oath in Special Negative Averment to Dismiss or Vacate the Unconstitutionally Obtained Arrest, Multiple Scoring of Victim Injury Points and Multiple Sentences Resulted From the Same Conduct, and to Expunge the Record With Just Compensation
This is at least the fifteenth time Walker has sought relief unsuccessfully in this Court, stemming from his 1984 convictions and sentences.[1] The petition is nineteen pages long, and the first six pages are largely boilerplate in nature. To the extent Walker articulates the errors which he asserts occurred below, these claims are alleged to have occurred at sentencing thirty years ago, have previously been raised on direct and collateral appeal, and have been decided on the merits adversely to Walker.
Ordinarily, we would dismiss without further discussion this non-meritorious petition. However, the remaining allegations contained within Walker’s petition warrant further action by this Court, as Walker’s self-styled demands are not merely frivolous, but constitute an abuse of the judicial process.
As the style of the petition indicates, Walker asserts he is entitled to more than simple relief from the sentences imposed. Indeed, Walker appears to unilaterally convert his petition into an independent civil action seeking affirmative relief from the State of Florida. In this portion of the petition, Walker refers to himself as “Plaintiff’ and to the State as “Defendant,” and places the Defendant “on notice” that Walker is “constitutionally mandated to receive $25,000 for every (28) minutes for his unconstitutional arrest and detention].” Walker then avers:
This “Non-Negotiable Agreement” shall go into effect upon Defendant’s silence or failure to respond or defend their cause within (30) days from the date this Petition and non-negotiable agreement with supporting affidavit of truth under oath in special negative averment.
In the event that the State remains uncertain of the exact terms of this “NonNegotiable Agreement,” Walker sets forth with specificity the exact “just compensation” which he claims must be paid to him by the State under the terms of this effectuated-by-silence Agreement:
1. $100 thousand dollars must be place[d] in Plaintiffs Fla. D.O.C. account before this agreement goes into effect.
2. $750 million dollars in (4) checks (1) check for $600 million, (1) check for $80 million and (1) check for $20 million, (and)
3. $300 million in Gold Bars, tax included.
Walker’s petition does not merely seek to litigate issues that are time-barred, sue- *374 cessive or without merit. Instead, this petition is so patently frivolous and representative of a pattern of abuse by Walker that this Court is compelled to take action.
Although some might reject Walker’s petition out of hand with little more than a chuckle at his presumed irreverence, courts of review enjoy no such luxury. A reviewing court considers earnestly and thoughtfully every document submitted, and claim advanced, by a party, and often the meritorious nature (or the absence of merit) can be discerned only after a full and considered reading of the document, relevant portions of the record or appendices, and responses by the opposing party. Due consideration of even a frivolous petition requires an expenditure of time, resulting in delay for those parties in unrelated cases who in good faith seek this Court’s expeditious review of their claims. Walker’s meritless filings over the course of more than 25 years have caused this Court to expend precious and finite judicial resources which could otherwise be devoted to those other legitimate cases and claims. Hedrick v. State, 6 So.3d 688, 691 (Fla. 4th DCA 2009) (noting “[a] legitimate claim that may merit relief is more likely to be overlooked if buried within a forest of frivolous claims.”)
Walker has, by his conduct, exhibited a disregard for, and an abuse of, the judicial process, and we cannot simply accept it as the actions of an ill-advised or misguided pro se litigant. While we acknowledge that pro se parties must be afforded a genuine and adequate opportunity to exercise their constitutional right of access to the courts, that right is not unfettered. Although termination of the right to proceed pro se will undoubtedly impose a burden on a litigant who may be unable to afford counsel, the courts must strike a balance between the pro se litigant’s right to participate in the judicial process and the courts’ authority to protect the judicial process from abuse. The right to proceed pro se may be forfeited where it is determined, after proper notice and an opportunity to be heard, that the party has abused the judicial process by the continued filing of successive or merit-less collateral claims in a criminal proceeding. State v. Spencer, 751 So.2d 47 (Fla.1999). As our sister court aptly described it, there comes a point when “enough is enough.” Isley v. State, 652 So.2d 409, 410 (Fla. 5th DCA 1995).
The Petitioner, Richard Anthony Walker, is hereby directed to show cause, within thirty days from the date of this opinion, why he should not be prohibited from filing any further pro se appeals, pleadings, motions, or petitions relating to his convictions, judgments and sentences in circuit court case number 84-7644. Absent a showing of good cause, we intend to direct the Clerk of the Third District Court of Appeal to refuse to accept any such papers relating to this circuit court case number unless it has been reviewed and signed by an attorney who is a duly licensed member of The Florida Bar in good standing.
Additionally, and absent a showing of good cause, any such further and unauthorized pro se filings by this defendant will subject him to appropriate sanctions, including the issuance of written findings forwarded to the Florida Department of Corrections for its consideration of disciplinary action, including the forfeiture of gain time. See § 944.279(1), Fla. Stat. (2012).
Petition dismissed. Order to show cause issued.

. See Walker v. State, 103 So.3d 169 (Fla. 3d DCA 2012) (raising same claims as the instant petition); Walker v. State, 65 So.3d 527 (Fla. 3d DCA 2011); Walker v. State, 23 So.3d 728 (Fla. 3d DCA 2009); Walker v. State, 15 So.3d 594 (Fla. 3d DCA 2009), Walker v. State, 998 So.2d 620 (Fla. 3d DCA 2008); Walker v. State, 995 So.2d 975 (Fla. 3d DCA 2008); Walker v. State, 980 So.2d 508 (Fla. 3d DCA 2008); Walker v. State, 871 So.2d 239 (Fla. 3d DCA 2004) (raising same claims); Walker v. State, 826 So.2d 311 (Fla. 3d DCA 2002); Walker v. State, 808 So.2d 224 (Fla. 3d DCA 2002); Walker v. State, 783 So.2d 267 (Fla. 3d DCA 2001) (raising same claims); Walker v. State, 703 So.2d 482 (Fla. 3d DCA 1997); Walker v. State, 687 So.2d 949 (Fla. 3d DCA 1997); Walker v. State, 498 So.2d 688 (Fla. 3d DCA 1986) (raising same claims).