# Third District Court of Appeal

## State of Florida

Opinion filed November 23, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2357
Lower Tribunal No. 86-5409
_____

**R.L. Williams,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction – Habeas Corpus.

R.L. Williams, in proper person.

Pamela Jo Bondi, Attorney General, for respondent.

Before SALTER, EMAS and FERNANDEZ, JJ.

EMAS, J.

## ON MOTION FOR REHEARING, CLARIFICATION, AND WRITTEN OPINION

In March of 1987, Petitioner, R.L. Williams, was tried for, and convicted of, first-degree murder and armed robbery. In June of 1987, the trial court imposed consecutive life sentences. Following an appeal, this court affirmed the judgments of conviction and the life sentence for the first-degree murder, but reversed and remanded for a resentencing on the armed robbery conviction. See Williams v. State, 544 So. 2d 1125 (Fla. 3d DCA 1989).

On August 25, 1989, the trial court held a resentencing hearing and again imposed a consecutive life sentence for the armed robbery conviction. No appeal was taken from that sentence.

On October 19, 2016, Williams filed the instant petition for writ of habeas corpus, seeking a belated appeal of his 1989 consecutive life sentence. In his petition, Williams set forth the reasons why he did not timely appeal this resentencing:

> [The] reason the claim in the present petition was not raised previously is because at resentencing . . . on August 25, 1989, Petitioner expressed to Counsel B. Myrberg who was at resentencing instead of Yale Galanter[1] that "They did the wrong thing and still gave me life, I want to appeal", counsel expressed that he would tell Mr. Galanter and, based upon Mr. Myrberg response, Petitioner proceeded after 1989 under the misleading belief that an appeal from his

_____

[1] Mr. Galanter was Petitioner's counsel during the trial and the initial sentencing. It appears, from the limited record provided, that Mr. Myrberg stood in for Mr. Galanter and represented Williams during the resentencing proceeding.

resentencing was pending review in this Court and, until August 2016, was unaware that Mr. Myrberg nor Mr. Galanter never filed a notice of appeal from the resentencing.

Given the seventeen-year lapse of time between the resentencing and the instant petition, we denied Williams' request for a belated appeal. See Fla. R. App. P. 9.141(c)(5)(A). Undaunted, Williams has filed a motion for rehearing, clarification, and written opinion. We deny Williams' request for rehearing and clarification. However (and likely to his chagrin), we grant Williams' motion for written opinion and, in doing so, order Williams to show cause why he should not be sanctioned for abusing the postconviction process by filing a petition that contains factual allegations which are materially and irreconcilably in conflict with a pro se pleading previously filed by Williams in an earlier appeal to this court.

## SHOW CAUSE ORDER

Specifically, in case number 3D07-2543, Williams appealed from a 2007 order denying his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a).[2] In the pro se brief filed in that appeal, Williams raised the following issues:

---

[2] This court affirmed the trial court's order in all respects, except for directing the trial court to award Williams an additional 125 days' credit for time served in the county jail prior to his original sentencing. See Williams v. State, 979 So. 2d 1007 (Fla. 3d DCA 2008).

3

I. BECAUSE HE WAS NOT PRESENT AND REPRESENTED BY COUNSEL AT THE PURPORTED RE-SENTENCING PROCEEDING, APPELLANT IS ENTITLED TO RE-SENTENCING, REPRESENTED BY COUNSEL AND TO GIVE EVIDENCE AS TO WHY HE SHOULD RECEIVE A LESSER SENTENCE.

II. WILLIAMS WAS NOT INFORMED OF RIGHT TO APPEAL RE-SENTENCING PROCEEDING.

Williams' pro se brief contained the following factual assertions in support

of these two claims:

> Appellant contends that the trial court did not conduct a re-sentencing hearing during which he [Williams] appeared before the court, on August 25, 1989. While the written sentencing order does indicate [that Williams was present], it [the sentencing order] is wrong. . . . Had Williams been present he would have given evidence and argument in support of a sentence less than life.
>
> **Further, had Williams been present during the purported hearing he would have demanded that counsel appeal the subsequent sentence due to the extent of departure**.
>
> As previously argued. . . [Williams] was neither present or represented by legal counsel at the alleged re-sentencing hearing conducted on August 25, 1989.
>
> Moreover, it would have been counsel['s] duty to execute the appeal, prior to his withdrawal. **No appeal was ever taken from the re-sentencing proceedings**, despite a mandatory life sentence imposed, and the extent of the departure. Had Williams been present at the re-sentencing, he would have offered evidence and argument in support of a lesser sentence, consistent with the sentence negotiation, and would have demanded that counsel execute the appeal.
>
> (Emphasis added).

So what we now know is that on February 8, 2008, when Williams signed and filed his pro se brief in 3D07-2543, he alleged that "no appeal was ever taken from the re-sentencing proceedings." And yet, in the instant pro se petition, signed and filed more than eight years later, Williams now asserts, inexplicably, that he was "under the misleading belief that an appeal from his resentencing was pending review in this Court and, until August 2016, was unaware that Mr. Myrberg nor Mr. Galanter never filed a notice of appeal from the resentencing."

We also know that, on February 8, 2008, when Williams signed and filed his pro se brief in 3D07-2543, he alleged that he was not even present for the resentencing proceeding, and further alleged that "had Williams been present during the purported hearing he would have demanded that counsel appeal the subsequent sentence." And yet, in the instant pro se petition signed and filed more than eight years later, Williams now asserts that "at resentencing on August 25, 1989, Petitioner expressed to Counsel . . . 'They did the wrong thing and still gave me life, I want to appeal.'"

These two versions, contained in two different pro se pleadings signed and filed by Williams, are irreconcilable and evidence a calculated attempt to subvert the postconviction process by maliciously bringing false information before this court. By his actions, Williams appears to have demonstrated a willful attempt to fabricate material "facts" as needed to satisfy his then-present purposes. Such a

5

perversion of the judicial system cannot be condoned, and cannot be justified by his pro se status.[3] As we have previously observed, a litigant may forfeit the right to proceed pro se where he abuses the judicial process, and no pro se litigant has the "right" to continue to file wholly frivolous or patently false postconviction motions and petitions. See e.g., Jimenez v. State, 196 So. 3d 499 (Fla. 3d DCA 2016); Westbrook v. State, 149 So. 3d 723 (Fla. 3d DCA 2014); Walker v. State, 139 So. 3d 371 (Fla. 3d DCA 2014)

The present situation goes beyond the pale, as Williams is not merely continuing to file claims which have previously been heard, considered and rejected. Instead, Williams' malicious and deceptive conduct strikes at the very heart of a system in which truth serves as an indispensable component of justice.

Accordingly, we order R.L. Williams, within thirty (30) days from the date of this order, to file a response and to show cause why this court should not impose sanctions, including: prohibiting Williams from submitting further pro se appeals, petitions, motions or other pleadings regarding lower court case number F86-5409, unless such pleadings are signed by an attorney who is a duly licensed member of The Florida Bar in good standing; and directing the Clerk of this Court to forward a certified copy of this opinion, and any further opinion or order issued in this

---

[3] We note that, since his direct appeal, Williams has filed at least fifteen pro se postconviction appeals or original proceedings in this court.

cause, to the Department of Corrections pursuant to section 944.279(1), Florida

Statutes (2016) for consideration of disciplinary procedures.[4]

_____

[4] That subsection provides:

At any time, and upon its own motion or on motion of a party, a court may conduct an inquiry into whether any action or appeal brought by a prisoner was brought in good faith. A prisoner who is found by a court to have brought a frivolous or malicious suit, action, claim, proceeding, or appeal in any court of this state or in any federal court, which is filed after June 30, 1996, or to have brought a frivolous or malicious collateral criminal proceeding, which is filed after September 30, 2004, or who knowingly or with reckless disregard for the truth brought false information or evidence before the court, is subject to disciplinary procedures pursuant to the rules of the Department of Corrections. The court shall issue a written finding and direct that a certified copy be forwarded to the appropriate institution or facility for disciplinary procedures pursuant to the rules of the department as provided in s. 944.09.